IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID MICHAEL SUMMERS,
    Petitioner,

vs.                               Case No.:  3:12cv274/MCR/EMT

KENNETH TUCKER,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (doc. 1). The filing fee has been paid.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the petition should be dismissed as an unauthorized second or successive petition.

I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court in and for Okaloosa County, Florida, Case No. 82-CF-1125, with armed burglary, kidnaping, sexual battery with a firearm, and aggravated assault (doc. 1 at 1–2).[1] *See* Summers v. Singletary, 119 F.3d 917, 918 (11th Cir. 1997). He pled guilty to sexual battery with a firearm, and a nolle prosequi was entered as to the remaining counts of the indictment (*id.* at 1–2). *See id.* at 918. On April 22, 1983, Petitioner was sentenced to two hundred

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Petitioner may have assigned.

(200) years imprisonment, with jurisdiction retained by the state for a review of parole release for a period of one hundred (100) years (*id.* at 1).  *See id.*

Petitioner filed his first § 2254 petition on April 30, 1986, Case No. 3:86cv419/RV, alleging ineffective assistance of counsel (doc. 1 at 6).  *See* Summers, 119 F.3d at 918.  The district court denied his petition and the Eleventh Circuit Court of Appeals affirmed by unpublished opinion on January 11, 1988, Case No. 87-3257 (*see id.*).  *See* Summers v. Dugger, 837 F.2d 1092 (11th Cir. 1988) (Table); *see also* Summers, 119 F.3d at 918.

On February 5, 1992, Summers filed his second § 2254 petition, Case No. 3:92cv30085/LAC/WCS, raising claims of newly discovered evidence of actual innocence and ineffective assistance of counsel (doc. 1 at 8).  *See* Summers, 119 F.3d at 918.  The petition was referred to a magistrate judge, who conducted a hearing on whether the second petition constituted an abuse of the writ.  *Id.*  Following that hearing, the magistrate judge entered a report and recommendation to the district judge, recommending that the court grant the State's motion for summary judgment on Petitioner's actual innocence claim, but deny the motion on the abuse of the writ defense as to his ineffective assistance of counsel claim.  *Id.*  The magistrate judge found that Petitioner satisfied the cause and prejudice standard necessary to overcome the abuse of the writ defense, and recommended that the case be remanded for a full evidentiary hearing on the merits of Petitioner's ineffective assistance of counsel claim.  *Id.*  On July 10, 1995, the district judge entered an order adopting the report and recommendation as to the issue of actual innocence, but rejecting the report as to the abuse of the writ defense.  *Id.*  The district judge's order granted summary judgment for the State on all claims.  *Id.*  Petitioner filed a notice of appeal, Case No. 95-2952 (doc. 1 at 8–9).  He states he additionally filed a Rule 60(b) motion in the district court, which the district court denied (*id.* at 9).  *Id.*  Petitioner's appeal of the denial of his Rule 60(b) motion, Case No. 95-3696, was consolidated with his appeal of the denial of his second § 2254 petition (*id.* at 9–10).  *Id.*  The Eleventh Circuit affirmed both decisions (*id.* at 10).  *Id.* at 919–21.

On May 14, 2012, Petitioner filed another Rule 60(b) motion in Case No. 3:92cv30085/LAC/WCS.  *See* Summers v. Singletary, Case No. 3:02cv30085/RV, Doc. 80, Motion (N.D. Fla. May 14, 2012).  The district court denied the motion on May 25, 2012.  *See id.*, Doc. 83,

Order (N.D. Fla. May 25, 2012). The court denied Petitioner's amended Rule 60(b) motion on June 14, 2012. *See id.*, Doc. 89, Order (N.D. Fla. June 14, 2012).

In the instant habeas petition, filed May 27, 2012, Petitioner again challenges the judgment in Okaloosa County Case No. 82-CF-1125, asserting claims of newly discovered evidence of actual innocence, violations of Brady v. Maryland, 373 U.S. 83 (1963), denial of counsel and effective assistance of counsel at his plea hearing, and denial of due process (doc. 1 at 14–31).

II.   ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the first § 2254 action filed by Petitioner in 1986. Furthermore, Petitioner's 1986 petition qualified as a first petition for the purpose of determining successor status because it was denied on the merits.[2]

Petitioner appears to concede the instant petition is "second or successive" by requesting a stay of the instant proceeding pending an application to the Eleventh Circuit for permission to file a second or successive § 2254 petition (*see* doc. 4 at 1–2). Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition; indeed, his motion to stay suggests the contrary. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002).

---

[2] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

Because § 2244(b)(3)(A) operates as a jurisdictional bar, not merely a procedural bar, Petitioner's suggestion that he is entitled to review of his habeas claim because he is "actually innocent" of the offense of which he was convicted is unavailing.

Based upon the foregoing discussion, the petition is an unauthorized second or successive petition. Therefore, this court does not have jurisdiction to consider it.

III.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this habeas action be **DISMISSED** for lack of jurisdiction.

2.      That Petitioner's motion for stay (doc. 4) be **DENIED** as moot.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 26th day of June 2012.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**